

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

JOHN ~~XXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

No. 3099

Holding that a county commissioners' court
may rent a building in which to store food
and clothing furnished by the Federal Gov-
ernment for distribution to indigents, may
employ case workers to assist in determin-
ing those to whom aid must be extended, and
may purchase a truck with which to distri-
bute such commodities, if reasonably neces-
sary to provide support for those persons
mentioned in Subdivision 11 of Article 2351,
Revised Civil Statutes.

Also holding that such commissioners' courts
may rent office space for old age pension in-
vestigators, the W. P. A. and other Federal
Government projects, if such projects are en-
gaged in the administration of relief to the
unemployed and needy people of the county.

June 13, 1940

Honorable J. M. Allen
County Auditor, Hunt County
Greenville, Texas

Dear Sir:                               Opinion No. O-2217

        In your letter of recent date you request our opinion in
response to the following questions:

        "1. May the Commissioners' Court legally
lease a building to be used as a warehouse to
store surplus commodities, such as foods and cloth-
ing furnished by the Federal Government to be is-
sued to the indigents of the county, and pay $100.00
per month rental for said building?

"2. Can the Commissioners' Court legally provide offices, pay for utilities, purchase office furniture and pay the salary of two men who are commonly called or designated as 'Case Workers' whose duties are to investigate various families of the county to determine whether or not such families are entitled to receive the above mentioned commodities?

"3. Can the Commissioners' Court legally pay for a truck purchased by the county which is used to distribute the above mentioned commodities and pay for gasoline and the upkeep of such truck?

"4. May the Commissioners' Court legally pay office rent for an old age pension investigator, and the W. P. A. and other Federal Government projects?"

While it is true, of course, that commissioners' courts in this State are limited in their powers to those conferred by the Constitution or by constitutional statutes, it is likewise true that such powers do not of absolute necessity have to be expressly given but may exist by necessary implication. 11 Tex. Jur. 564; El Paso County v. Elam, 106 S.W. (2d) 395; Howard v. Henderson Co., 116 S.W. (2d) 479; Commissioners' Court of Madison County v. Wallace, 15 S.W. (2d) 335.

Article 2351, Revised Civil Statutes, provides:

"Each commissioners court shall . . .

"* * *

"11. Provide for the support of paupers and such idiots and lunatics as cannot be admitted into the lunatic asylum, residents of their county, who are unable to support themselves. By the term resident as used herein, is meant a person who has been a bona fide inhabitant of the county not less than six months and of the State not less than one year.

"* * * "

When the commissioners' courts were expressly given the power and duty to "provide for the support of paupers," by necessary implication they were clothed with the authority to do all the incidental things necessary to provide for their support. Just as the power to erect a courthouse and jail carries with it authority to acquire a building site, Moore v. Alred, 277 S.W. 787. And, just as the power of general control over all roads, highways, ferries and bridges necessarily implies authority to construct a drainage ditch to protect such roads, bridges and highways from flood waters. El Paso County v. Elam, supra. See also Terrell

v. Sparks, 135 S.W. 519

Authority to provide food and clothing for such purposes
necessarily includes the power to possess, store and preserve the same
to that end. Furthermore, it may be more economical and desirable to
distribute such commodities, rather than have the recipients come or
send for the same. Power to provide such food and clothing would in-
clude the power to deliver 't, and authority to acquire the necessary
means of delivery would follow.

When commissioners' courts were burdened with the duty of
providing support for such persons, they were given the sound discre-
tion of determining those whom they were required to provide for under
the terms of the statute. By necessary implication they acquired the
power to employ such help as might be necessary to properly sift out
those entitled to such relief and to investigate and ascertain the
extent and amount of the need.

The fact that the Federal Government provides the commoditi-
es does not, in our opinion, render the authority of the Commissioners'
Court of Hunt County any less in the distribution thereof than would be
true if the County itself were furnishing such provisions, so far as the
State laws are concerned.

It goes without saying that the discretion residing in the
commissioners' courts in such matters must be soundly exercised. If the
recipients of such relief are not so indigent as to fall within the terms
of the statute, the commissioners' court would be without authority to do
any of the things you inquire about. Assuming however that the benefi-
ciaries of such relief are within the statute, that a storehouse is
necessary in providing them with support, that the county has no avail-
able space without renting the same,  that the house rented is of size
and location commensurate with the need and the rent reasonable, your
first question is answered in the affirmative. Your third question is
answered in the same way, as well as that part of your second question
pertaining to office furniture and the two case workers.

We now address ourselves to your fourth question, and to that
part of the second question relating to the payment of utility bills.
We quote Section 1, Article 2372e-2, Vernon's Civil Statutes, as follows:

> "Sec. 1.  The County Commissioners' Courts
> and the City Commission of any incorporated town
> within said County of this State are hereby auth-
> orized to lease or rent office space for the pur-
> pose of aiding and cooperating with the agencies
> of the State and Federal Government engaged in the
> administration of relief of the unemployed and needy
> people of the State of Texas, and to pay the regular

> monthly utility bills for such offices, such as lights, gas and water; and when in the opinion of the majority of the Commissioners' Court of a county such office space is essential to the proper administration of such agencies of either the State or Federal Governments, said Courts are hereby specifically authorized to pay for same and for the regular monthly utility bills for such offices out of the County's General Fund by warrants as in the payment of other obligations of the county. . . ."

You will note that the authority extended by the preceding article is limited to the provision of office space for the purpose of aiding and cooperating with the agencies of the State and Federal Government engaged in the administration of relief of the unemployed and needy people of the State of Texas. As to Federal agencies so engaged, your fourth question and that part of the second relating to utility bills is answered in the affirmative. A Commissioners' Court could not extend such assistance to any Federal or State agency not so engaged.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:EP:egw

This opinion has been considered in conference, approved and ordered recorded.

s/ Gerald C. Mann
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS